# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JOSE PERALTA,

              Plaintiff,

v.                                         Case No:   6:15-cv-38-Orl-40GJK

TROPIC DECOR, INC., EARL
WILSON, SR. and EARL WILSON, JR.,

              Defendants.

---

# REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> | | |
> |---|---|
> | **MOTION:** | **RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT AND FOR DISMISSAL WITH PREJUDICE (Doc. No. 30)** |
> | **FILED:** | **January 8, 2016** |
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

## I.    BACKGROUND.

On January 12, 2015, Plaintiff filed a complaint (the "Complaint") against Defendants asserting the following claims: 1) unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207; 2) unpaid minimum wages in violation of the FLSA, 29 U.S.C. § 206; and 3) unpaid wages in violation of Florida law.  Doc. No. 1.  On February 17, 2015, Defendants filed their Answer and Affirmative Defenses.  Doc. No. 15.  On August 17, 2015, the parties filed a Renewed Joint Motion for Approval of Settlement and for Dismissal with Prejudice

(the "Motion"), requesting the Court approve their settlement agreement (the "Agreement") attached to the Motion, dismiss the case with prejudice, and retain jurisdiction to enforce the terms of the settlement.   Doc. No. 27.

On December 21, 2015, the Court entered an order denying the Motion.   Doc. No. 29. For the reasons set forth therein, the Court provided the parties with an opportunity "to either explain whether the general release affects the fairness and reasonableness of the settlement, and/or to renegotiate and modify the Agreement."   Doc. No. 29 at 7-8.   Thereafter, the parties executed a superseding agreement (the "Superseding Agreement"), which voids the terms of the prior Agreement.   Doc. No. 30-1.   On January 8, 2016, the parties filed a renewed motion (the "Renewed Motion"), requesting that the Court approve their Superseding Agreement, to dismiss the case with prejudice, and to retain jurisdiction to enforce the terms of the Superseding Agreement.   Doc. No. 30 at 3.   For the reasons that follow, the undersigned recommends that the Court enter an order granting in part and denying in part the Renewed Motion.

## II.   LAW.

In *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees.   First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . .. The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.   When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352-53.   Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable.   *Id.*; *see also Sammons v. Sonic-North Cadillac, Inc.*, Case No. 6:07-cv-277-Orl-19DAB, 2007 WL 2298032, at *5 (M.D. Fla. Aug. 7, 2007) (noting that settlement of FLSA claim in arbitration proceeding is not enforceable under *Lynn's Food* because it lacked Court approval or supervision by the Secretary of Labor).   Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute.   *Lynn's Food Stores*, 679 F.2d at 1354-55.   If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement.   *Id.* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, Case No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007) *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair.   *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net[.]")).   In *Silva*, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA.  FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.  FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted).  To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D. Fla. 2008).

*Id*. at 351-52.[2]   In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise.  *Id*.  When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee

---

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority."   11th Cir. R. 36-2.

improperly detracts from the plaintiff's recovery.[3]   Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs.[4]   It is the Court's responsibility to ensure that any such allocation is reasonable.   *See Silva*, 307 F. App'x at 351-52.   In doing so, the Court uses the lodestar method for guidance.   *See Comstock v. Fla. Metal Recycling, LLC*, 2009 WL 1586604, at *2 (S.D. Fla. June 5, 2009).   As the Court interprets the *Lynn's Food* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide.   In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

## III.   ANALYSIS.

### A.  Settlement of Plaintiff's FLSA Claims.

This case involves disputed issues of coverage and liability under the FLSA, which constitutes a bona fide dispute.   Doc. Nos. 1; 15; 30 at 2-3; 30-1.   The parties are represented by independent counsel who are obligated to vigorously represent their clients.   Doc. Nos. 1; 15; 30. Initially, Plaintiff claimed he was owed $9,510.24 in unpaid wages.   Doc. No. 21-1 at 2.[5]   The parties agreed to settle this matter to "avoid the costs and uncertainty of litigation," in consideration of their ongoing disputes regarding whether Plaintiff was an exempt employee, the number of

---

[3] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his or her counsel.   Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[4] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

[5] Plaintiff did not indicate whether this amount includes liquidated damages.   *See* Doc. Nos. 21; 21-1 at 5.

hours Plaintiff actually worked, the number of overtime hours, if any, and the amount of unpaid wages, if any, due to Plaintiff.   Doc. No. 30 at 1-3.

Under the Superseding Agreement, in exchange for a general release of all claims, a non-disparagement agreement, and a confidentiality provision, Plaintiff has agreed to accept a total settlement amount of $6,100.00, representing $2,000.00 in unpaid wages, $2,000.00 in liquidated damages, $2,000.00 in attorneys' fees and costs, and $100.00 for consideration of Plaintiff's acceptance of the general release.   Doc. No. 30-1 at 2-7. After reviewing the Renewed Motion, including the parties desire to avoid the costs and risk inherent in continuing the litigation, and the Superseding Agreement, the undersigned finds the amount of Plaintiff's settlement of FLSA claims ($4,000.00) to be fair and reasonable.

### B.  General Release.

The Superseding Agreement contains a general release of any and all claims Plaintiff may have against the Defendants.   Doc. No. 30-1 at 4-7.   The Superseding Agreement provides that Plaintiff agrees to accept $100.00 as "additional consideration for release of claims not addressed or raised in the present litigation[.]"   Doc. No. 30-1 at 3.   In the Motion, Plaintiff states:

> Plaintiff has had ample opportunity to evaluate the existence of any potential claims against Defendant[s] arising [from] any alleged violation of the laws cited to in its General Release and has found none.   Therefore, the general release will not affect the fairness and reasonableness of the settlement.

Doc. No. 30 at 3.   Thus, Plaintiff states he is not aware of any claims against the Defendants that he is giving up as a result of the general release, and Plaintiff has received separate consideration in the amount of $100.00 for the general release.   *Id*.   The undersigned finds that Plaintiff has provided an explanation for the general release and the separate consideration Plaintiff is receiving under the Superseding Agreement is sufficient for the Court to conclude that the general release

does not negatively affect the reasonableness of the Superseding Agreement.  *See, e.g.*, *Pariente v. CLC Resorts and Developments, Inc.*, No. 6:14-cv-615-Orl-37-TBS, 2014 WL 6389756, at *2 (M.D. Fla. Nov. 14, 2014) (approving $100 in additional consideration of general release); *Middleton v. Sonic Brands L.L.C.*, No. 6:13-cv-386-Orl-28KRS, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (approving a settlement agreement providing $100.00 as separate consideration for a general release).

### C.  Non-Disparagement and Confidentiality Clauses.

The Superseding Agreement contains a non-disparagement and strict confidentiality clause, which provides:

> **8.     Non-Disparagement.**     [Plaintiff] will not disparage [Defendants] to others.    [Defendants] will not disparage [Plaintiff] to others.
>
> **9.     Confidentiality**.
> a.     This Agreement shall not be filed with any court or agency and shall remain forever confidential, except when required to enforce this Agreement or where this Agreement will be a defense.
>
> b.     [Plaintiff] and [Defendants] agree not to disclose any information regarding the existence or substance of this Agreement, except to an attorney, with whom [Plaintiff] or [Defendants] choose to consult regarding their consideration of this Agreement, their spouse/significant other, and/or tax advisors.
>
> c.     Upon inquiry with respect to the substantive terms of this Agreement, [Plaintiff] and [Defendants] will be strictly limited to stating only that "this matter have been resolved to the satisfaction of all parties concerned."
>
> d.     [Plaintiff] and [Defendants] acknowledge and agree that any violation of paragraph 8 by [Plaintiff] or [Defendants] will constitute a material breach of this Agreement that will cause [Plaintiff] or [Defendants] to suffer immediate, substantial and irreparable injury, and will, upon proof thereof, be a sufficient basis for a court to

> award injunctive relief and liquidated damages to [Plaintiff]
> or [Defendants] without affecting the remainder of this
> Agreement.

Doc. No. 30-1 at 7. Courts within this circuit routinely reject such confidentiality and non-disparagement clauses contained in FLSA settlement agreements because they "thwart Congress's intent to ensure widespread compliance with the FLSA." *Pariente v. CLC Resorts and Developments, Inc.*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Oct. 24, 2014) (internal quotations omitted and citing authorities); *see also Weldon v. Backwoods Steakhouse, Inc.*, No. 6:14-cv-79-Orl-37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014) (non-disparagement clauses are generally rejected in FLSA settlement agreements and citing authority). Additionally, such provisions have been rejected because they are inherently unenforceable due to the public filing of the settlement agreements containing the confidentiality and non-disparagement clauses. *See Housen v. Econosweep & Maintenance Services, Inc.*, No. 3:12-cv-461-J-34TEM, 2013 WL 2455958, at *2 (M.D. Fla. Jun. 6, 2013) (confidentiality clauses are unenforceable when the settlement agreement is filed on the public docket and citing authority). However, the Superseding Agreement also contains a severability clause, providing: "Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect." Doc. No. 30-1 at 8. Thus, pursuant to the severability clause, the Court may strike the non-disparagement and confidentiality clauses from the Superseding Agreement. *See Pariente*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5-6 (M.D. Fla. Oct. 24, 2014) (striking confidentiality clause pursuant to severability clause). Accordingly, it is recommended that the Court strike the non-disparagement and confidentiality clauses from the Superseding

Agreement.

**D.  Attorneys' Fees and Costs.**

Under the Superseding Agreement, Plaintiff's counsel will receive $2,000.00 in attorneys' fees and costs.   Doc. No. 30-1 at 3.   In Plaintiff's verified answers to the Court's Interrogatories, which were filed on July 23, 2015, Plaintiff provided the following information:

| Attorney/Paralegal | Hourly Rate | Hours Expended |
|---|---|---|
| Bertha L. Burruezo, Esq. | $325.00 | 4.00 |
| Vanessa A. Braga, Esq. | $175.00 | 2.80 |
| Carmen Nieves | $75.00 | 0.70 |

Doc. No. 21 at 4.   Based on Plaintiff's verified answers to the Court's Interrogatories, as of July 23, 2015, Plaintiff's counsel had incurred $1,842.50 in attorneys' fees.   The Superseding Agreement was executed on January 8, 2016.   Doc. No. 30-1.   Accordingly, in this case, the undersigned is satisfied that counsels' recovery of $2,000.00 under the Superseding Agreement for attorneys' fees and costs is fair and reasonable.

**E.  Court Should Decline to Retain Jurisdiction.**

In the Renewed Motion, the parties request that the Court retain jurisdiction to enforce the terms of the Superseding Agreement.   Doc. No. 30 at 3.   The undersigned recommends that the Court decline to retain jurisdiction to enforce the terms of the Superseding Agreement.

**IV.   CONCLUSION.**

Based on the foregoing, it is hereby **RECOMMENDED** that the Court enter an order **GRANTING in part and DENYING in part** the Renewed Motion (Doc. No. 30) as follows:

1. The Court should **STRIKE** the non-disparagement clause and confidentiality provisions of the Superseding Agreement;

2. The Renewed Motion (Doc. No. 30) should be **GRANTED** to the extent that the Court finds the Superseding Agreement (Doc. No. 30-1) to be a fair and reasonable compromise of Plaintiff's FLSA claims;

3. The Renewed Motion should be otherwise **DENIED**; and

4. The Court should **DISMISS the case with prejudice**.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.   **In order to expedite the final disposition of this matter, if the parties have no objection to this report and recommendation, they may promptly file a joint notice of no objection**.

**RECOMMENDED** in Orlando, Florida on March 10, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 10 -